Michael Mulhern was indicted for trafficking in cannabis in violation of § 20-2-80, Code of Alabama 1975. The appellant waived a jury trial and the trial judge found him "guilty as charged in the indictment". The trial judge sentenced the appellant to fifteen years' imprisonment and assessed a $25,000 fine.
At approximately 1:00 p.m. on October 9, 1984, Gerald Young of the Saraland Police Department received a phone call from a man whom he identified as Russell Atchison. He had talked with Atchison several times previously but Atchison had never provided Young with any information.
Atchison asked Young if he knew the appellant and Young replied that he did. Atchison then told Young that at 2:00 p.m. the appellant would drive to a business *Page 788 
located at the intersection of Highways 158 and 45 in Prichard in a light blue Toyota with the word "Tiger" written down the side of the car and would be "pulling" marijuana.
Young then asked Atchison to come to the Saraland Police Department, which he did. In the meantime, Young phoned Robert Osborne of the Mobile Police Department and asked him to come to the Saraland Police Department.
When Osborn arrived at 1:20 p.m., he talked to Atchison. Atchison told Osborne that the appellant would be delivering eight pounds of marijuana at the intersection of Highways 158 and 45 at 2:00 and he would be driving a silver Toyota with "Tiger" on the side. The marijuana would be packaged in large plastic bags.
Osborne asked Atchison if he knew the appellant was going to show up. Atchison replied that he did because the appellant was going to pick up some other drugs from Atchison. At this point, Atchison showed Osborne a bag of white powder, which he said was cocaine.
At approximately 1:45 Young and Osborne went to the location given them by Atchison and parked. Both were in unmarked cars. At 2:08 a car which fit the description the officers had been given pulled into a driveway beside a business located at the intersection of Highways 158 and 45. The driver of this car could not be seen because the car windows were mirrored glass.
Young turned on his blue light and he and Osborne followed the car into the driveway. The officers got out of their vehicles and approached the car. Atchison was also at this location in a brown Mercury.
Osborne went to the passenger side of the vehicle, drew his revolver and pointed it at the appellant. Young went to the driver's side of the vehicle and told the appellant to get out of the car. Osborne then came around to the driver's side of the car. As the appellant got out of the car, the aroma of marijuana was detected by the officers. They could see two large plastic bags in the car. Inside the bags the officers found a large quantity of marijuana. A further visual search of the car revealed a pair of hemostats with a partially burned cigarette.
The appellant was then placed under arrest, advised of hisMiranda rights and patted down for weapons. In his pocket the officers found a pocketknife and a small quantity of marijuana in a bag.
The evidence seized was locked in Osborne's trunk until he released it to the Mobile Police Department's Crime Lab the next day.
The toxicologist's report on the analysis of this evidence was admitted into evidence as State's Exhibit number 1. It reads as follows:
"1) Hemostats with handrolled cigarette butts:
 Laboratory examination of the residue from the hemostats and handrolled cigarette disclosed the presence of marihuana containing tetrahydrocannabinol.
 "2) Plastic bag containing plant material and one handrolled cigarette butt:
 Laboratory examination of the handrolled cigarette butt and the 3.8 grams of plant material in the plastic bag disclosed the presence of marihuana containing tetrahydrocannabinol.
 "3) Brown plastic bag containing two (2) white plastic bags with plant material:
 Laboratory examination of 8 lbs. of plant material in the two plastic bags disclosed the presence of marihuana containing tetrahydrocannabinol."
 I
The appellant contends the State did not prove a prima facie case because, even though the State proved he was in possession of in excess of 2.2 pounds of green plant material, they failed to prove that he was in possession of more than 2.2 pounds ofmarijuana. The State cites Dickerson v. State, 414 So.2d 998
(Ala.Crim.App. 1982) in opposition to this contention. *Page 789 
In Dickerson, supra, the issue was not whether the substance possessed by the appellant was, in fact, marijuana but whether certain portions of the marijuana should have been excluded in the determination of the total weight of the marijuana. The issue in this case, however, is whether there was in excess of 2.2 pounds of marijuana contained in the substance possessed by the appellant.
In Dickerson, supra, this court held that the burden is upon the accused to "bring himself within any exclusion which is found not in the enacting clause defining a crime but rather in a subsequent clause or statute." Dickerson, supra at 1002.
The enacting clause for trafficking cannabis reads as follows:
 "Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as "trafficking in cannabis."
Ala. Code, § 20-2-80 (1), (1975).
Therefore, to make out a prima facie case, the State mustprove that the accused was in possession of more than 2.2 pounds of marijuana. Our holding in Dickerson, supra, provides that, once the State proves that the accused is in possession of more than 2.2 pounds of marijuana, the burden is on the accused to prove that the marijuana contained excludable matter.
In the case at bar the lab report clearly stated that the appellant was in possession of in excess of 2.2 pounds of green plant material. However, it failed to specify that there was in excess of 2.2 pounds of marijuana contained within the green plant material. This lab report provided that the analysis of the 3.8 grams and 8 pounds of plant material "disclosed the presence of marijuana" but failed to state the quantity of marijuana found within the plant material. From the wording of this lab report, we are unable to conclude whether all of the 8 pounds, 3.8 grams of the plant material were marijuana or whether a certain quantity of marijuana was included among various and assorted other green plant material.
Therefore, while there is evidence that the total weight of green plant material possessed by the appellant was in excess of 2.2 pounds, there is no evidence that the quantity of marijuana contained within that total weight of the green plant material was sufficient to satisfy the requisite amount found in the enacting clause of § 20-2-80, Code of Alabama 1975.
The testimony of the two officers in this case that Atchison told them that the appellant would be delivering 8 pounds of marijuana, does not suffice as proof that the green plant material found in the appellant's possession was, in fact, marijuana.
Thus, this case must be reversed due to the insufficiency of the evidence and failure of proof.
A retrial of this appellant on this charge is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment.
REVERSED AND RENDERED.
All the Judges concur.