Appellant, Tommy Convard Higdon, was indicted and convicted by a jury for trafficking in cannabis, in violation of §20-2-80, Code of Alabama 1975. Appellant was sentenced to three years' imprisonment.
On September 26, 1986, Arlen Moss received a telephone call from Gene Storie, inquiring about his interest in a drug transaction. Moss, who had earlier pleaded guilty to dealing in cocaine and had not yet been sentenced, contacted the Federal Bureau of Investigation (FBI) and reported the conversation. Pursuant to an agreement with the FBI, Moss arranged a meeting with Storie.
At approximately 10:30 a.m., Storie met Moss in the parking lot of Moss's business. *Page 1353 
Storie was driving a red Ford Mustang automobile and was accompanied by two passengers. Upon seeing Moss, Storie got out of the car, walked around to the back of it, opened the hatchback, and lifted the hatch of the compartment, where the marijuana was stored. Storie then introduced Moss to appellant, who was sitting in the back seat, and to Storie's girlfriend, who was sitting in the front seat. Storie told Moss that he had 12 pounds of marijuana and that Moss could purchase it for $500.00 a pound. Moss arranged to meet Storie again at noon.
At noon, Moss met Storie at the designated place. With the bag of marijuana in hand, Storie got out of his car and got into Moss's car. The two drove around for a while and then returned to Storie's car. Storie's girlfriend and appellant were in the car. Storie got out of Moss's car, opened the door to his car and handed appellant the bag of marijuana. A third meeting was scheduled for between 1:00 and 1:30 p.m. After leaving Storie, Moss contacted the FBI and relayed to them the time and place of the final meeting.
At approximately 1:30 p.m., Storie, his girlfriend, and appellant were met, not by Moss, but by an FBI special agent and the local police. The officers searched the automobile and found a big burlap bag, which contained what appeared to be marijuana. Appellant was then arrested and read his rights. Appellant gave a statement in which he denied knowledge of the marijuana and of the two prior meetings with Moss.
The officer who impounded the car testified that "the smell of marijuana was so stout within the car I couldn't hardly drive it . . . it was a strong odor of marijuana just reeking from that car, so I had to roll the windows down to drive it two or three miles."
At trial, appellant recanted his earlier statement that they had not met with Moss and stated that they had met with Moss twice on the day of the arrest. Appellant again denied that he had any knowledge of the marijuana.
 I
Appellant initially argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to establish a prima facie case of possession of the illegal substance.
For one to be convicted of violating § 20-2-80, Code of Alabama 1975, the state must prove beyond a reasonable doubt that the defendant was in actual or constructive possession of one of the substances enumerated therein. When constructive possession is relied upon, as it is in this instance, the state must prove beyond a reasonable doubt that the defendant had knowledge of the presence of the controlled substance.Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied,405 So.2d 725 (Ala. 1981). If the accused is not in exclusive possession of the premises where the controlled substance is found, then this knowledge may not be inferred from his possession of the premises unless there are other circumstances tending to buttress this inference. Temple v. State,366 So.2d 740, 743 (Ala.Cr.App. 1978). There must be some evidence which connects the defendant with the contraband. Grubbs v. State,462 So.2d 995 (Ala.Cr.App. 1984). "Also, when a joint venture is found joint possession may also be found, in that a jury may infer that the defendant had both knowledge of and control over the contraband in the possession of a companion." United Statesv. Dupuy, 760 F.2d 1492, 1500 (9th Cir. 1985).
The evidence the state offered to establish appellant's possession is based largely on circumstantial evidence; therefore, in reviewing the denial of the motion for judgment of acquittal, the evidence must be viewed in the light most favorable to the state. Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).
Here, the prosecution showed that appellant was present during the conversations between Moss and Storie; that Storie introduced Moss to appellant; that Storie handed the bag of marijuana to appellant after his second meeting with Moss; that the marijuana was in an open bag, easily *Page 1354 
seen, and had such a strong odor that the officer who impounded the car had to roll down the windows when he transported the car to headquarters; and that appellant, when confronted with the discovery of the marijuana, denied any knowledge of the two prior meetings with Moss.
We find the evidence presented by the state to be sufficient to connect appellant with the marijuana, and we conclude that the issue of appellant's guilt was properly submitted to the jury. "[W]hen the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown (even by circumstantial evidence), along with any other incriminating evidence, the issue of defendant's guilt should be submitted to the jury."German v. State, 429 So.2d 1138, 1143 (Ala.Cr.App. 1982).
 II
Appellant argues that the prosecution did not prove a prima facie case of trafficking in marijuana because it failed to prove that the amount of marijuana contained within the plant material was in excess of 2.2 pounds — the amount required by § 20-2-80(1).
Through the testimony of Edward C. White, a state forensic lab analyst, the state proved that appellant was in possession of more than 2.2 pounds of marijuana. White testified that he received a large sealed plastic bag containing vegetable material. He examined the contents to remove stalks and other excludable matter, of which there was none. There were some seeds in the bag, but White testified that they represented an insignificant amount of the material. White then did a gross examination of all the material and determined that the material had the same visual characteristics as marijuana. Next, White performed a microscopic examination of some of the contents of the bag and determined that it had the same morphological characteristics as marijuana. White then performed a chemical test on a small portion (between a teaspoon and a tablespoon) of the material and determined the material to be marijuana. Based on his visual, microscopic, and chemical examinations of the material, White testified that the entire contents of the bag were marijuana. He stated that the marijuana weighed 9.9 pounds.
In asking us to reverse and render this case, appellant relies on language found in Mulhern v. State, 494 So.2d 787
(Ala.Cr.App. 1986). We find Mulhern to be distinguishable. InMulhern, all that was before this court and the trial court was a lab report which evidenced that the total weight of green plant material possessed by the appellant was in excess of 2.2 pounds. There was no further evidence that the quantity of marijuana contained within the total weight of the green plant material was sufficient to satisfy the requisite amount found in § 20-2-80.
Similarly, we find the case of Borden v. State, 523 So.2d 508
(Ala.Cr.App. 1987), to be distinguishable. In Borden,523 So.2d at 512, we found, the following: "[T]he testimony failed to specify that there was in excess of 2.2 pounds of marijuana contained in the plant material. From the testimony, we are unable to conclude whether all the 9.94 pounds of the plant material was marijuana or whether a certain quantity of marijuana was included among various and assorted other plant material."
Here, unlike Mulhern and Borden, the state lab analyst testified that the entire contents of the bag were marijuana and that the marijuana weighed 9.9 pounds. We find that the state presented sufficient proof as to the amount of marijuana to support the conviction for trafficking.[1]
 III
Appellant argues that the trial court erred in refusing to give the following requested *Page 1355 
jury charge: "I charge you members of the jury that the mere presence of the defendant in an automobile where illegal drugs are found will not support a conviction for trafficking in marijuana." (Emphasis added.)
As is apparent from the trial court's written explanation for denying the requested charge, the trial court objected to the use of the word "support." In refusing the requested charge, the trial judge wrote, "would support[,] would not sustain; presence alone is not sufficient but is a supporting element of crime." As is evidenced from our discussion in part I of this opinion, "It has been recognized that mere presence does establish a 'material fact, which is the opportunity of defendant to commit the offense complained of.' Lee v. State,18 Ala. App. 566, 567, 93 So. 59 (1922)." German v. State,429 So.2d 1138, 1141 (Ala.Cr.App. 1982).
We find the requested charge to be an incomplete and incorrect statement of the law. Chavers v. State,361 So.2d 1106 (Ala. 1978). Therefore, the trial court's refusal to give the requested charge was proper.
AFFIRMED.
All Judges concur.
[1] In Sellers v. State, 511 So.2d 278 (Ala.Cr.App.), rev'd and rendered, 519 So.2d 1292 (Ala. 1987), our supreme court recently applied the principles expounded in Mulhern andBorden. However, the case of Sellers does not provide any further principles to guide us in applying Mulhern and Borden, because the Sellers court did not set out any facts upon which it applied the holdings. We recognize the precedential value ofMulhern and Borden, and have applied the principles, as we interpret them, to the facts of the instant case.