TAYLOR, Presiding Judge.
The appellant, Dennis Robin Ray, was convicted of trafficking in marijuana, a violation of § 20-2-80, Code of Alabama 1975. The trial court, following a jury trial, sentenced appellant to a ten-year split sentence consisting of three years’ imprisonment and seven years’ supervised probation.
The evidence presented by the State tended to establish that Richard Walley, an informant working with the Baldwin County Sheriff’s Department, set up a “buy” of five pounds of marijuana with the appellant. On May 7, 1987, Deputy Paul Surrey taped a telephone conversation between the appellant and the informant. The appellant and the informant agreed to conduct their transaction at a roadside park on U.S. Highway 31. The informant was wired so that the police would be able to intercept their conversation during the drug transaction. Baldwin County Sheriff’s deputies Paul Surrey, Ron Everts, Linda Duffill, A.D. Long, and Richard Bryars set up a surveillance of the area where the proposed drug “buy” was to take place. Deputy Surrey, when he heard the appellant tell the informant that he had the “stuff,” moved in and arrested the appellant. Deputy Long and Deputy Bryars searched the appellant’s van and discovered ten half-gallon plastic bags of marijuana in it.
Ms. Deborah Sennett, a forensic drug chemist with the Alabama Department of Forensic Sciences, testified that she analyzed the drug samples and that in her opinion they consisted of 4.9 pounds of marijuana.
*519 The appellant’s only contention on appeal is that the State’s evidence was insufficient to sustain a conviction for trafficking in marijuana. Specifically, he argues that the State’s burden is not simply to prove that the plant material and seeds containing marijuana weighed 2.2 pounds or more, but that the weight of the marijuana contained within the green plant material weighed 2.2 pounds or more. Appellant contends that since stalks and seeds were not excluded from the gross weight of the green plant material, his conviction should be reversed.
The record, in the case at bar, clearly reflects that the stalks and seeds were not excluded from the gross weight of the green plant material. Ms. Sennett testified that viability studies were not conducted on the plant material and that she was unable to positively determine whether the seeds were incapable of germination.
In Bohannon v. State, [Ms. 87-59, July 29, 1988] (Ala.1988), the Alabama Supreme Court wrote:
“This Court has recently held that in order to convict a person for trafficking in marijuana pursuant to Ala. Code 1975, § 20-2-80, the State has the burden of proving that the defendant possessed in excess of 2.2 pounds of the drug. Ex parte Sellers, 519 So.2d 1292 (Ala.1987); see also Borden v. State, 523 So.2d 508 (Ala.Crim.App.1987); Mulhern v. State, 494 So.2d 787 (Ala.Crim.App.1986).
“For purposes of § 20-2-80, marijuana is defined in Ala.Code 1975, § 22-2-2(5), as follows:
“ ‘All parts of the plant Cannabis sati-va L., whether growing or not, the seeds thereof, the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin. Such term does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake or the sterilized seed of the plant which is incapable of germination.’ ”
“In Sellers, this Court summarily reversed a conviction under § 20-2-80, citing as authority the decisions in Borden, supra, and Mulhern, supra. In Mulhern the Court of Criminal Appeals reversed a conviction under § 20-2-80 because the toxicology laboratory report ‘ “disclosed the presence of marijuana” but failed to state the quantity of marijuana found within the plant material.’ Mulhern, 494 So.2d at 789. In Borden, supra, the Court of Criminal Appeals also reversed a conviction under § 20-2-80 because there was insufficient evidence of the weight of the marijuana. Therefore, pursuant to our decision in Sellers the State’s burden in the instant case is not simply to prove that the plant material and seeds it weighed contained marijuana; rather, the State must also prove the weight of the marijuana (as the term is defined by § 20-2-2(15)) contained in the plant material.”
In the case at bar, just as in Bohannon, the toxicologist weighed the stems and seeds in determining the weight of the green plant material. However, the toxicologist did not test the seeds to determine if they were sterile or infertile. Therefore, as stated in Bohannon, supra, in order to prove that the material the toxicologist weighed contained in excess of 2.2 pounds of statutorily defined marijuana, the State must prove that the seeds were not “sterilized.” In the case at bar, as in Bohan-non, the toxicologist testified that in her opinion some of the seeds were probably infertile or nongerminating, but she did not test the seeds to determine if that was the case. Pursuant to the Supreme Court’s ruling in Bohannon, supra, this testimony is not sufficient to meet the burden of proof.
We further note that the facts of the instant case differ from those in a recent case, Day v. State, 539 So.2d 410 (Ala.Cr. App.1988), in which this court upheld a conviction for trafficking in marijuana despite the appellant’s contention that the State had failed to prove that he possessed *520 more than 2.2 pounds of marijuana exclusive of “stems and stalks.” In Day, however, the expert witness, while admitting that the stems and stalks were not excluded from the gross weight of the marijuana, testified that the bag of marijuana she examined “contained almost exclusively ... flowering tops” and that nothing she would “really call stalks” was present in the bag. Such was not the case here. Ms. Sennett, as did the witness in Day, admitted that the stems and stalks were included in the gross weight of the marijuana. Ms. Sennett was then asked if she had “any judgment or opinion as to how that would affect the weight or how much of — percentage of this material would be in these small stalks or stems?” and she replied, “no.”
Therefore, because the stalks and seeds were weighed with the remainder of the plant material, and because there was no testimony as to whether the seeds could be included or not, the State failed to prove that the appellant possessed in excess of 2.2 pounds of marijuana.
The appellant’s conviction for trafficking in cannabis is due to be, and it is hereby, reversed and a judgment in his favor entered as to that charge. Pursuant to the doctrine in Edwards v. State, 452 So.2d 506 (Ala.Cr.App.1983), aff’d, 452 So.2d 508 (Ala.1984), however, we remand with instructions that a judgment of guilty be entered for the lesser included offense of possession of marijuana and for proper sentencing. See also, Borden v. State, 523 So.2d 508 (Ala.Cr.App.1988). A return should be filed with this court showing the action taken by the trial court.
REVERSED AND JUDGMENT RENDERED AS TO TRAFFICKING CONVICTION; REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Presiding Judge.
Upon remand, the Circuit Court for Baldwin County set aside the conviction for trafficking and adjudged Ray guilty of possession of marijuana and sentenced him accordingly. The trial court has fully complied with our directions and the judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.