The appellant, William P. Browning, was convicted of trafficking in marijuana, in violation of § 20-2-80, Code of Alabama 1975. He was sentenced to twelve years' imprisonment. The appellant raises three issues on appeal.
 I
Initially, the appellant argues that the evidence was insufficient to convict him of trafficking in marijuana. Appellant's counsel has preserved this issue for review by moving for a judgment of acquittal.
According to § 20-2-80, Code of Alabama 1975:
 "(1) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as 'trafficking in cannabis.' "
Specifically, appellant contends that the state failed to prove that the appellant was in possession of over 2.2 pounds of marijuana. There is no argument that the plant-like material in the five bags weighed 4.845 pounds. Appellant argues instead that the state failed to show that all of the contents of the bag was marijuana. Marijuana is defined by § 20-2-2(15), Code of Alabama 1975:
 "All parts of the plant Cannabis sativa L., whether growing or not, the seeds *Page 550 
thereof, the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin. Such term does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake or the sterilized seed of the plant which is incapable of germination."
Gary Wallace, a criminalist with the Alabama Department of Forensic Sciences in Mobile, Alabama, testified that he analyzed five bags of plant-like material. He stated "with the exception of some microscopic fragments of other material, in my opinion, the whole amount was marijuana." Mr. Wallace weighed non-marijuana fragments separately and determined that they were less than 1 percent of the total weight. He further stated that the weight was 4.845 pounds. No stalks were in the material.
Appellant relies on the cases of Ex parte Bohannon, [Ms. 87-59, July 29, 1988] (Ala. 1988), and Mulhern v. State,494 So.2d 787 (Ala.Cr.App. 1986). However, those two cases are readily distinguishable from this case.
In Ex parte Bohannon, the toxicologist testified that the total weight of the material was 3.5 pounds. He also stated that the material contained a significant amount of seeds. These seeds were not tested to determine if they fit under the definition of marijuana, nor were they weighed separately. Further, the attorney attempted to elicit an estimation of the percentage of seeds. However, the toxicologist could not give an estimation. The Alabama Supreme Court in Bohannon stated that "because the seeds were weighed with the plant material, and because it is possible that the seeds were artificially sterilized and thus not within the definition of the term 'marijuana,' the state failed to meet its burden of proving that the defendant possessed in excess of 2.2 pounds of marijuana."
However, as Judge Patterson stated in the recent case ofDay v. State, 539 So.2d 410 (Ala.Cr.App. 1988):
 "In Mulhern, the defendant's conviction for trafficking was reversed because the state's evidence, establishing the weight of the marijuana possessed, consisted of a lab report which revealed only the weight of the plant material and did not provide the actual weight of the marijuana contained in the plant material. However, in the instant case, the evidence clearly established, as noted above, that the only thing contained in the bags was marijuana, as that term is defined in § 20-2-2(15). And unlike in Mulhern, Odom's testimony in the case at bar was that the bags contained marijuana, not that the material within the bags contained marijuana. In Mulhern, the lab report indicated the presence of marijuana in the material, while, in the instant case, Odom's testimony established that all of the material in the bags was, in fact, marijuana."
In both Bohannon and Mulhern, the non-marijuana material was weighed with the marijuana material.
In the present case the toxicologist stated that "with the exception of some microscopic fragments of other material, in my opinion the whole amount was marijuana." The microscopic fragments were weighed separately and determined to be less than 1% of the total weight of 4.845 pounds. Mr. Wallace, the toxicologist, did testify, however, that the seeds had not been tested for germination. Even so, this testimony was sufficient for the State to meet its burden of proving that appellant possessed in excess of 2.2 pounds of marijuana. Therefore, pursuant to Dickerson v. State, 414 So.2d 998 (Ala.Cr.App. 1982), the burden shifted to appellant to prove that some portion of the total weight was excluded by the statute.
On cross-examination, defense counsel did not attempt to elicit further evidence of the amount of seeds contained in the marijuana. Nor did defense counsel establish what percentage of the total weight the seeds composed. *Page 551 
We find, therefore, that the matter was correctly presented to the jury for its determination. In a conviction for trafficking in marijuana, the State need only prove that appellant possessed in excess of 2.2 pounds of marijuana; it need not prove that all of the material seized was marijuana. Based on the evidence presented, the jury concluded that appellant possessed in excess of 2.2 pounds of marijuana and thus, was guilty of trafficking in marijuana. We see no reason to disturb that verdict.
 II
Appellant further contends that the trial court committed reversible error by failing to continue the appellant's case. Specifically, he argues that, because 20 out of 60 prospective jurors had been in the courtroom earlier in the week when the appellant's co-defendant was being tried, he was denied the right to an impartial trial.
Of the 20 jurors who were determined to have been present in the courtroom at the trial of appellant's co-defendant, six were immediately struck for cause. Of these six, four stated that they had fixed opinions about the appellant's guilt and two questioned their ability to be impartial.
The trial judge and the attorneys questioned the remaining jurors extensively about having overheard the name of the appellant at his co-defendant's trial. The remaining jurors stated that they did not pay any attention to the trial or that they could not tell what was said or any names that were brought out. They also all unequivocally stated that nothing they had heard would in any way influence their decision in this case. It was at this time that appellant's counsel moved for a continuance. The judge denied this motion, stating, "[I]t is not my understanding that the Sixth Amendment of the United States Constitution . . . requires jurors who have never heard anything. What it requires is jurors who can swear that they have no fixed opinion and can a true and fair verdict render based strictly on the evidence."
 " 'Qualified jurors need not, however, be totally ignorant of the facts and issues involved.
 " ' "To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." ' [Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975)], at 799-800, 95 S.Ct., at 2036, quoting from Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961)." Dobbert v. Florida, 432 U.S. 282, 302, 97 S.Ct. 2290, 2303, 53 L.Ed.2d 344 (1977).
Judge McMillan, speaking for this court in Kinder v. State,515 So.2d 55 (Ala.Cr.App. 1986), stated that "a juror, even though having previously expressed an opinion regarding a defendant's guilt, is not disqualified if he states unqualifiedly that as a juror he can find a true verdict on the evidence alone."
The United States Supreme Court in Patton v. Yount,467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984), dealt with a similar issue. Should the jurors' protestation of impartiality be believed? As that Court stated, "the determination is essentially one of credibility, and therefore largely one of demeanor." Id., 467 U.S. at 1038, 104 S.Ct. at 2892. The court's decision should be given great deference.
Here, the trial court committed no error by not granting a continuance. The judge determined that the remaining jurors could render an impartial verdict.
Appellant further argues that the trial court erred in failing to grant a continuance because a spectator, Mr. Helton, had contact with some jurors. This was brought to the attention of the court by the appellant's wife. The trial judge immediately questioned the jurors regarding the incident. All the jurors indicated that nothing untoward had occurred. Thereupon, the judge denied the motion. *Page 552 
As this court recently stated in Ebens v. State,518 So.2d 1264 (Ala.Cr.App. 1986):
 " '[W]here the trial court investigates the circumstances under which the remark was made, its substance, and determines that the rights of appellant were not prejudiced by the remark, reversible error will not be found absent a clear showing of an abuse of that discretion.' Bascom v. State, 344 So.2d 218, 222 (Ala.Cr.App. 1977), and cases cited therein."
The judge determined that no juror heard anything concerning the appellant or his wife. We find no abuse of discretion here.
 III
Last, appellant argues that the trial court erred when it failed to grant a motion asking for individual voir dire questioning of the venire.
As Judge Patterson stated in Hallford v. State, 548 So.2d 526
(Ala.Cr.App. 1988):
 "Even in capital cases, there is no requirement that a defendant be allowed to question each prospective juror individually during voir dire examination, and it is within the trial court's discretion whether to allow such a request. Bell v. State, 475 So.2d 601 (Ala.Cr.App. 1984), aff'd, 475 So.2d 609 (Ala.), cert. denied, 474 U.S. 1038 (1985); Raines v. State, 429 So.2d 1104
(Ala.Cr.App.), aff'd, 429 So.2d 1111 (Ala. 1982), cert. denied, 460 U.S. 1103 [103 S.Ct. 1804, 76 L.Ed.2d 368] (1983). The decision of the trial court in denying individual voir dire examination will not be disturbed absent abuse of that discretion."
Therefore, we find no abuse of discretion in this case.
Based on the foregoing, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.