Judith Evelyn Wright was indicted for trafficking in marijuana in violation of § 13A-12-231, Code of Alabama 1975. She was found "guilty as charged in the indictment" and was sentenced to 14 years in prison. She contends that the trial court erred in denying her motion for judgment of acquittal because the State failed to prove a prima facie case of trafficking in marijuana.
Specifically, the appellant contends that the State failed to prove that she was in possession of marijuana in an amount in excess of one kilo or 2.2 pounds and less than 2,000 pounds in violation of § 13A-12-231.
The record reveals that Taylor Noggle, a criminalist for the Alabama Department of Forensic Sciences, testified to the weight of the marijuana as follows:
 "Q Would you tell the ladies and gentlemen what tests were performed?
 "A Well, the first thing that I did was to just, on an individual basis, remove the plant material from each of the bags that was spread out onto a clean piece of paper, large freezer wrap paper which we have on a roll, was spread out, examined visually. And then I made an examination of the plant material under a microscope, looking for certain microscopic characteristics of the marijuana plant. These are things such as short claw-shaped hairs which are present on the upper side of the leaf, a number of longer hairs on the bottom side of the leaf, the vein structure which is present on seeds which are on — or come from the marijuana plant. Also looking at the shape of the seeds.
 I then determined the weight of the plant material contained in each of the individual bags, and then I performed two chemical tests on the plant material. The first called the Duquenois-Levine test and the second called thin layer chromatography.
 "Q Okay. And based on your testing, were you able to form an opinion as to what was the contents of these bags?
"A Yes, I was.
"Q And what was your opinion?
 "A It's my opinion that the plant material is marijuana. The total weight of that material is 8,997.3 grams, which converted to pounds is 19.77 pounds.
"Q Okay. Is marijuana a controlled substance?
"A Yes it is.
 "Q The sample that you took, was that representative of the contents in each bag? *Page 874 
"A Yes, it was.
"Q And you examined everything; is that correct?
"A I examined everything, yes."
(R. 125-127.) (Emphasis added.)
When a defendant is being prosecuted for trafficking in marijuana, the burden is on the State to prove that the defendant was in possession of more than 2.2 pounds of marijuana as is defined by § 20-2-2(15), Code of Alabama 1975.Day v. State, 539 So.2d 410 (Ala.Crim.App. 1988); Mulhern v.State, 494 So.2d 787 (Ala.Crim.App. 1986); Dickerson v.State, 414 So.2d 998 (Ala.Crim.App. 1982). Once the State proves that the defendant is in possession of more than 2.2 pounds of marijuana, the burden is on the defendant to prove that the marijuana contained excludable matter. Day; Mulhern.
Mr. Noggle's testimony reveals that he visually examined all of the material confiscated from the appellant. He testified that the plant material was marijuana and that the total weight of that material was 8,977.3 grams or 19.77 pounds. He did not testify that marijuana was contained within the plant material or that he found the presence of marijuana in the plant material. He further testified that he examined everything.
We hold that Noggle's testimony was sufficient evidence that the appellant was in possession of more than 2.2 pounds of marijuana. Once the State met its burden, the appellant failed to show that the marijuana contained any excludable matter. Thus, the trial court did not err in denying the appellant's motion. See, e.g., Sterling v. State, 421 So.2d 1375
(Ala.Crim.App. 1982).
For the reasons set forth above, the trial court's judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.