JAMES H. FAULKNER, Retired Justice.
Judi Kissic was indicted for the offense of possession of marijuana in the first degree, in violation of § 13A-12-213(a)(l), Code of Alabama 1975. The jury found Kissic guilty as charged in the indictment, and she was sentenced to 10 years’ imprisonment. Two issues are raised on appeal.
*228 I
Kissic contends that her motion for judgment of acquittal should have been granted because the State did not prove the corpus delicti or her knowledge of the presence of marijuana.
The appropriate test to be applied to determine if a prima facie case has been made is “whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.” Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). It is not a requirement that evidence exclude every possibility of innocence. Payne v. State, 424 So.2d 722 (Ala.Cr.App.1982).
When evidence is presented by the State in support of an indictment from which a jury could by fair inference find a defendant guilty, the case is properly submitted to a jury. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983). The weight of the evidence and inferences to be drawn therefrom are matters for the jury alone. Mosley v. State, 461 So.2d 34 (Ala.Cr.App.1984).
A careful review of the record reveals that the State presented sufficient evidence to establish a prima facie case of possession of marijuana in the first degree.
Detective Tom Bowerman of the Tallade-ga Police Department testified that he set up a controlled drug buy with a confidential informant at the residence of the appellant’s father-in-law. According to Bower-man, he observed the informant go up the driveway of the house and stop and talk with the appellant. The appellant then went into the house and returned with a paper bag, which she handed the informant in exchange for $350. Bowerman testified that in his opinion the material in the paper bag was marijuana, and a search warrant for the residence was subsequently obtained.
Bowerman further testified that the only people present at the residence when the search warrant was served on March 29, 1990, were the housekeeper (Katie Kidd) and the appellant’s small child. Bowerman entered a living room that had been converted into a bedroom. There was a mixture of men’s and women’s clothes in this bedroom. Bowerman found a Tupperware container containing a leafy substance and some rolling papers under the edge of the bed in this room. Bowerman then found a grocery bag containing leafy material in the closet of this bedroom. Bowerman also found checkbooks belonging to the appellant and her husband, Ronnie Kissic, in dresser drawers in this bedroom.
The leafy material found in the Tupperware container and grocery bag was subsequently tested by State toxicologists and found to be marijuana. Ronnie Kissic’s fingerprints were found on the inside of the Tupperware container.
Where the State shows constructive possession of a controlled substance, it must prove that the accused had knowledge of the presence of the controlled substance. Perry v. State, 534 So.2d 1126 (Ala.Cr.App.1988). Where a defendant is not in exclusive control of the premises where the controlled substances are found, the State must support the inferences of knowledge by other proof. Higdon v. State, 527 So.2d 1352 (Ala.Cr.App.1988). In the case sub judice, proof of the appellant's knowledge of the marijuana was shown by the testimony of Tracy Wyatt, who worked part-time for the appellant during the time in question.
Wyatt testified as follows: On March 28, 1990, the appellant asked her to accompany her to Birmingham. According to Wyatt, before leaving town, they stopped at a house in Talladega, and the appellant told her she was getting some clothes from a friend. The appellant asked Wyatt to step outside so that she could speak to her friend, Doug, in private. Several minutes later, the appellant came out and got into the car, and Doug came out with a brown paper bag, the top of which was folded over. The appellant and Doug, who stated that the bag contained clothing, then put the bag in the trunk of the appellant’s car. *229 The appellant then got back in the car, and Doug gave her a plastic bag with marijuana in it. The appellant stopped at a store and bought rolling papers. After their presentation in Birmingham, the appellant rolled three joints and smoked two on the way home. According to Wyatt, they returned to the appellant’s father-in-law’s house, where the appellant was living, and the appellant took the grocery bag that she had received from Doug and placed it in her bedroom. The appellant and her husband then drove Wyatt home, and the Kis-sics smoked the third joint during the drive.
According to Wyatt, the following afternoon the appellant told her that her husband had been busted for possession of marijuana, and the appellant told Wyatt that she had picked up marijuana, not clothing, from Doug’s house the day before.
Hence, because the State established a prima facie case in support of the indictment and proved the appellant’s knowledge by circumstantial evidence, the trial court properly denied the appellant’s motion for judgment of acquittal.
II
Kissic contends that the trial court erred in denying her motion for new trial on the ground that the testimony of rebuttal witness Katie Kidd should have been excluded because it was unintelligible and misleading to the jury.
To preserve an evidentiary issue for appellate review, a timely objection must be made. “A motion to exclude will not preserve error in the admission of evidence where no timely objection has been made at the time of its admission.” Goodson v. State, 540 So.2d 789, 791 (Ala.Cr.App.1988).
The appellant made a motion to exclude only after Ms. Kidd had concluded her testimony and the State had rested its case in rebuttal. As noted by the trial court, no objection was made during the testimony and the appellant has failed to preserve this issue for appellate review.
We note that had this issue been timely raised, the trial court and the State clearly took additional efforts to make sure that the jury understood the testimony of Ms. Kidd, who had a speech impediment, and no abuse of the trial court’s discretion was shown.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.