Emerson Milton Ware, Sr. was convicted of selling marijuana in violation of the Alabama Uniform Controlled Substances Act, § 20-2-70, Code of Alabama 1975, and sentenced to three years' imprisonment in the penitentiary.
 I
On appeal, he first challenges the indictment, contending that the evidence before the grand jury was insufficient and that the grand jurors were not sworn in as provided by law. It appears that the appellant, at arraignment, pleaded not guilty to the indictment. This is a plea to the merits of the indictment and waives kinds of challenges to the validity thereof unless specifically reserved with leave of court.Stringer v. State, 372 So.2d 378 (Ala.Cr.App.), cert. denied,372 So.2d 384 (Ala. 1979). No inquiry into the sufficiency of the evidence considered by a grand jury which returned an indictment may be had. McLaren v. State, 353 So.2d 24
(Ala.Cr.App.), cert. denied, 353 So.2d 35 (Ala. 1977); Wrightv. State, 421 So.2d 1324 (Ala.Cr.App. 1982).
 II
Evidence indicated that some of the officers involved in this case put the purchased marijuana into an envelope. A date, August 11, 1983, was written on the envelope. It was testified that the alleged purchase of the marijuana from Ware took place on August 12, 1983. An officer also testified that he wrote the date of the purchase on the envelope. On appeal, Ware contends that failure to furnish him the envelope constituted a failure to provide him exculpatory material. His grounds are that he could have argued that if the officer was wrong as to the date, he could be wrong as to other aspects of his testimony. The court stated, however, at page 63 of the record, that appellant's counsel had been given an opportunity to see the envelope which he says he did not see. No error occurred in this respect. The conflict in the testimony did not become apparent until trial, when the officer testified that the date on the envelope was the date he purchased the marijuana from Ware. We find no ruling adverse to the appellant and consequently no error with respect to the envelope. The date on the envelope did not become "exculpatory material," if it ever did, until the officer's testimony created the conflict in dates.
 III
It is apparent from the record that the appellant Ware did make a request to submit the alleged marijuana to an independent laboratory. The following occurred:
 "THE COURT: My recollection is that at the time the state said that the substance in question was at the toxicology office and you were instructed that it was available to you at that place. There was some question about whether or not you could test it, submit the submit the [sic] substance to an independent laboratory. I did not feel that would be appropriate. You did have an opportunity to see and observe the material.
 "MR. SIMS: Your Honor, I would like the Record to indicate we did ask the Court to let us test the material and the Court denied the, our motion for that.
 "THE COURT: Yes sir, I believe that's correct. Will you have the jury return, please."
From the foregoing it is clear that the court refused to permit the defendant to have a sample of the alleged marijuana for testing. On this subject, our Supreme *Page 449 
Court in Warren v. State, 288 So.2d 826 (Ala. 1973), stated at page 830, per Justice McCall:
 "We think that to deny him this right is to deny him due process, especially where his motion to produce was made well in advance of the trial so that it could have been ruled on by the court without causing any undue delay in the trial."
Rule 18.1 (c), Alabama Temporary Rules of Criminal Procedure, provides as follows:
 "Documents and Tangible Objects. Upon motion of the defendant, the court shall order the district attorney to permit the defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody, or control or the state, and:
 "(1) Which are material to the preparation of his defense; provided, however, the defendant shall not be permitted to discover or inspect reports, memoranda, witness lists, or other internal state documents made by the district attorney or his agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or statements made by state witnesses or prospective state witnesses;
 "(2) Which are intended for use by the state as evidence at the trial; or
 "(3) Which were obtained from or belongs to the defendant.
 "The court shall impose such conditions or qualifications as may be necessary to protect the chain of custody of evidence, or the attorney's, law enforcement officer's, or investigator's work product, or to prevent loss or destruction of such documents or objects." (Emphasis supplied.)
For failure to permit examination of the controlled substance in accordance with A.R.Crim.P.Temp. 18.1 (c), this case must be reversed.
This case must be reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.