TYSON, Judge.
Fred McCray was indicted for trafficking in cocaine in violation of § 20-2-80(2)(a) Code of Alabama 1975 (as amended 1980). The jury found this appellant guilty of trafficking in cocaine. At the sentencing hearing the appellant was sentenced to 50 years in the state penitentiary and fined $50,000 plus costs of court, $25 to Crime Victims’ Compensation Fund and Indigent Attorneys’ Fees.
Since the appellant does not challenge the weight and sufficiency of the evidence as to this conviction, the facts will be briefly stated.
An Ozark police officer was notified to look for a silver Volkswagen with a 55 tag whose driver was possibly DUI. The officer observed the above-described vehicle being driven erratically and was finally able to stop same. The appellant was driving the automobile which contained two other occupants. After stopping, all three men immediately exited the vehicle. The appellant, who smelled of alcohol, was arrested for driving while his license was suspended. The appellant’s vehicle was driven to the police station by a police officer.
Several items were observed in plain view in the appellant’s automobile, including a glass pipe used for smoking marijuana or cocaine, and a partially smoked marijuana cigarette. Also an open grocery bag was on the floorboard behind the driver’s seat. From outside the automobile, Patrolman Douglas Lucas observed in the grocery bag drug paraphernalia which included spoons, a screen strainer, drug cutting *1377 agents and a couple of baggie packets containing a white substance.
In the booking room at the police station Lucas noticed the top of a plastic bag in the appellant’s shirt pocket. Lucas removed the plastic bag which contained a white substance and approximately $694.00 in bills. The appellant stated later that the substance in his pocket was cocaine.
“The total amount of cocaine analyzed in the case turned out to be 29.0 grams ...” (R. 134)
On cross-examination of the appellant it was shown that this appellant had three prior convictions for selling cocaine and one for selling marijuana. After the jury verdict, the trial judge ordered a presentence investigation.
I
The appellant contends that § 20-2-80(2) Code of Alabama 1975 (as amended 1980) requires quantitative analysis to determine the percentage of pure cocaine in the 29 grams of cocaine which appellant had when he was arrested.
This issue was specifically addressed in Lyons v. State, 455 So.2d 295, 297 (Ala. Crim.App.1984) where this court held:
“There is no similar provision with regard to the offense of trafficking in cocaine. In fact, the trafficking statute itself specifically rejects this argument of providing that ‘(a)ny person ... who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1), is guilty of a felony, which felony shall be known as ‘trafficking in cocaine.’ ” Alabama Code 1975, § 20-2-80(2) (emphasis added). Under this statute, the State is not required to prove that the accused possessed 28 grams or more of pure cocaine.”
The argument of the appellant does not establish any reason why our holding in Lyons, Id. should be overturned.
Accordingly, the appellant’s conviction under § 20-2-80(2), Code of Alabama 1975 (as amended 1980) is due to be upheld.
II
The appellant asserts that the sentence of 50 years was invalid.
The appellant contends that the punishment was enhanced due to the appellant’s prior drug convictions and, therefore, under Ex Parte Chambers, 522 So.2d 313 (Ala. 1987) this cause should be remanded for proper sentencing.
Ex Parte Chambers, 522 So.2d 313 (Ala. 1987) indicates:
“...because the Controlled Substances Act provided its own penalties, none of the provisions of Title 13A, Chapter 5, including the Habitual Felony Offender provisions, would apply to drug offenses.”
The record does not support the appellant’s contention that the appellant’s sentence was enhanced because of his prior drug convictions.
At the sentencing hearing the following took place:
“THE COURT: I call the case of The State of Alabama vs. Fred McCray for sentencing. Is the Defendant present?
“MR. CORBITT: Yes, sir.
"THE COURT: The Probation Officer has made a Pre-sentence Report in this case. Have you had a chance to look at it?
“MR. KENNINGTON: Yes, sir.
“THE COURT: If you will, please bring him around and we have him sentenced. “You are Fred McCray?
“MR. McCray: Yes, sir.
“THE COURT: Mr. McCray you were found guilty by a Jury in this county on the 21st day of May, 1987. They returned a verdict as follows:
‘We, the Jury, find the Defendant guilty of trafficking in cocaine.’
“I, at that time adjudged you guilty and required a Pre-sentence Investigation and that has now been completed. Have you been advised at all about the penalties involved in trafficking in cocaine?
*1378 “MR. KENNINGTON: Judge, he was advised some time ago, but if the Court would, go over the penalties involved.
“THE COURT: Is there anything you want to say to the Court before I pass this sentence on you?
“MR. McCRAY: No sir.
“THE COURT: Then, in accordance with the law and the conviction of trafficking in cocaine, I sentence you to fifty.years in the State Penitentiary. I fine you $50,000.00 and you are also taxed with a $25.00 fee to the Victim’s Compensation Fund and the costs of Court, plus a restitution.” (R. 208-209)
The trial judge issued the following order:
SENTENCING
“On the 5th day of June, 1987, comes the State of Alabama by its District Attorney, Honorable David Emery, also comes the defendant, Fred McCray, in his own proper person and with his attorney, Honorable Ray Kennington, being in open Court, and the defendant, Fred McCray, being asked by the Court if he has anything to say why the judgment and sentence of the law should not be pronounced upon him, says nothing in bar or preclusion of sentence.
“It is therefore considered by the Court and it is the judgment and sentence of the Court that the defendant, Fred McCray, be imprisoned in the State Penal System for 50 years and fined $50,000.00 plus court costs of court and $25.00 to Crime Victims’ Compensation and Indigent Attorneys’ Fees. Court orders that $694.00 on hand in City of Ozark is condemned for use in drug enforcement of the City of Ozark. Defendant determined to be indigent and gives notice of desire for attorney to appeal. Court appoints Hon. Robert Lanier as attorney for defendant on all post sentence motions and appeal. Clerk and Court Reporter ordered to begin preparation of transcript.
/s/ Charles L. Woods Judge, 33rd Judicial Circuit Dale County, Alabama
The Alabama Supreme Court held:
“While § 20-2-80 provides for only a minimum term of imprisonment, the statute may reasonably be construed to validly authorize a maximum sentence of life imprisonment.”
Ex Parte Robinson, 474 So.2d 685, 686 (Ala.1985); See also, Dickerson v. State, 414 So.2d 998, 1001 (Ala.Crim.App.1982),
Accordingly, there was no evidence that the appellant’s sentence was enhanced due to the prior drug conviction under either the Habitual Felony Offender Act or § 20-2-76, Code of Alabama 1975, the recidivist statute under the Controlled Substance Act. The 50 year sentence was within the prescribed limit of § 20-2-80, Code of Alabama 1975 (as amended 1980).
For the reasons herein stated, the judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.