The appellant, Gerald Moton, was convicted of promoting prison contraband in the second degree, in violation of §13A-10-37, Code of Alabama 1975, and was sentenced as a habitual offender to fifteen years' imprisonment.
The evidence as presented by the State tended to establish that on October 14, 1986, Roosevelt Daniel, an officer at the Montgomery County Work Release Center, observed appellant Moton walking across the recreation trailer. When appellant saw Officer Daniel, he abruptly stopped and walked back to a water fountain located between the men's and women's restrooms. As appellant leaned down to take a drink of water, he dropped a wad of tissue into a wastebasket by the water fountain. Officer Daniel retrieved the tissue and discovered one and one-half marijuana cigarettes and a match box containing some matches and another one and one-half marijuana cigarettes. Officer Daniel escorted appellant to the supervisor's office. Moton was later sent back to Kilby Prison. Officer Daniel placed his initials on the cigarettes, sealed the items in an envelope, filled out a chain of evidence form, and placed the sealed items in a safe. The evidence was later given to Ed Sasser, an investigator with the Department of Corrections. Sasser turned the evidence over to Arnold Mitchell of the State Department of Forensic Sciences, who tested the cigarettes and confirmed that they were marijuana cigarettes. The sum total of the marijuana contained in all three cigarettes was four-tenths of one gram.
Prior to appellant's trial, appellant's attorney moved to obtain a sample of the controlled substance so that it could be independently tested at State expense. His motions were denied.
A trial was held on April 22, 1987, which resulted in a hung jury. At this trial, much of the controlled substance was accidentally wasted by Mr. Mitchell during his testimony. A second trial was held on June 16, 1987. Appellant's lawyer moved for reconsideration of his earlier motions, which were again denied. Mr. Mitchell testified as to the tests he conducted and the results of those tests. He further testified that there was enough of the controlled substance left on the tape sealing the evidence to conduct another substance analysis test. This time, the jury found the appellant guilty of promoting prison contraband in the second degree as charged in the indictment.
 I
Appellant contends that the trial court erred in denying his motions to obtain a sample of the controlled substance and have it independently analyzed at State expense.
This issue was recently addressed by this court in Ware v.State, 472 So.2d 447 (Ala.Cr.App. 1985). In that case, Ware was charged with selling marijuana. He moved for the trial court to allow him to have a sample of the alleged marijuana for independent testing. The trial court denied his motion and Ware appealed his subsequent conviction. We stated in Ware:
 "From the foregoing it is clear that the court refused to permit the defendant to have a sample of the alleged marijuana for testing. On this subject, our Supreme Court in Warren v. State
[292 Ala. 71], 288 So.2d 826 (Ala. 1973), stated [288 So.2d] at page 830, per Justice McCall:
 " 'We think that to deny him this right is to deny him due process, especially where his motion to produce was made well in advance of the trial so that it could have been ruled on by the court without causing any undue delay in the trial.'
 "Rule 18.1(c), Alabama Temporary Rules of Criminal Procedure, provides as follows:
 " 'Documents and Tangible Objects. Upon motion of the defendant, the court shall order the district attorney *Page 383 
to permit the defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody or control of the state, and:
 " '(1) Which are material to the preparation of his defense; provided, however, the defendant shall not be permitted to discover or inspect reports, memoranda, witness lists, or other internal state documents made by the district attorney or his agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or statements made by state witnesses or prospective state witnesses;
 " '(2) Which are intended for use by the state as evidence at the trial; or
 " '(3) Which were obtained from or belongs to the defendant.
 " 'The court shall impose such conditions or qualifications as may be necessary to protect the chain of custody of evidence, or the attorney's, law enforcement officer's, or investigator's work product, or to prevent loss or destruction of such documents or objects.' (Emphasis supplied in Ware.)
 "For failure to permit examination of the controlled substance in accordance with A.R.Crim.P.Temp. 18.1(c), this case must be reversed."
Ware, id., at 448-49.
In the case at bar, both of appellant's motions were timely made one month before the first trial and the accidental destruction of most of the marijuana. Additionally, even after the first trial there was enough of the marijuana remaining, according to Mitchell's testimony at the second trial, on which to conduct additional tests.
Although it is not necessary at this time to consider the other two issues raised by appellant in his brief, in the interest of judicial economy we will address them now.
 II
The appellant next contends that the trial court erred by not charging the jury on the alleged lesser included offenses of possession of marijuana and promoting prison contraband in the third degree.
This court has previously stated that an accused is not entitled to a jury charge when there is no reasonable theory from the evidence to support his position or when there is no evidence tending to bring an offense within the statutory definition of a lesser included offense. Perry v. State,455 So.2d 999, 1003 (Ala.Cr.App. 1984). An offense is a lesser included offense of another offense if "[i]t is established by proof of the same or fewer than all the facts required to establish the commission of the crime charged." §13A-1-9(a)(1), Code of Alabama 1975.
Appellant argues that possession of marijuana would qualify as a lesser included offense of promoting prison contraband in the second degree because it could be established by less than the facts required to prove second degree promoting prison contraband, namely, that appellant possessed marijuana while not in prison. This contention, however, is not supported by the evidence. In fact, appellant stipulated to the fact that he was in prison. Thus, the trial court correctly denied appellant's requested charge on this issue.
Appellant also argues that the trial court should have charged the jury on promoting prison contraband in the third degree so that the jury had the option of finding appellant guilty of possessing contraband that was not marijuana. This charge is likewise not supported by the evidence, as the only contraband appellant was charged with possessing was marijuana, possession of which constitutes promotion of prison contraband in the second degree. Therefore, either the appellant was guilty of the offense charged or he was not guilty. The trial court may properly refuse to charge on a lesser included offense where the only reasonable conclusion from the evidence is that the accused is either guilty of the offense charged or of *Page 384 
no crime at all. McKeithen v. State, 480 So.2d 36, 37
(Ala.Cr.App. 1985).
 III
Appellant's final contention is that the trial court erred in allowing the State to cross-examine him about his prior convictions after he had admitted to them on direct examination. Appellant has failed to cite any authority whatsoever in support of this contention, thereby waiving this issue for purposes of appellate review. Vinzant v. State,462 So.2d 1037, 1039 (Ala.Cr.App. 1984). Even if he had done so, it is well settled that the state does not have to reprove matters already admitted to during testimony by the defendant.
This case is, therefore, reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.