The appellant, Kenneth William Jackson, was convicted of the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 15 years' imprisonment. On appeal, appellant raises three issues. *Page 1101 
 I
Initially, appellant contends that the trial court committed reversible error by not granting his motion for independent testing of the substance he was charged with illegally distributing.
Two weeks before trial, appellant's counsel submitted a written motion for independent testing of the controlled substance, at the state's expense. The trial court denied this motion.
Our Supreme Court has long held that "impartiality and fairness require that the defendant be aided by all available processes of the Court, when invoked, to enable him to test and question the authenticity of the state's evidence against him."Warren v. State, 292 Ala. 71, 288 So.2d 826, 830 (1973). InWarren, the appellant made a motion for independent testing and the trial court denied it, saying that it was not timely made. Our Supreme Court held that the appellant was denied due process by the denial of the motion, "especially where his motion to produce was made well in advance of the trial so that it could have been ruled on by the court without causing any undue delay in the trial." 288 So.2d at 830.
This court in Ware v. State, 472 So.2d 447 (Ala.Cr.App. 1985), again was obliged to reverse a trial court when it denied the appellant's motion to examine the alleged controlled substance. We relied on Warren and Rule 18.1(c), Ala.R.Crim.P.Temp., which states:
 "Upon motion of the defendant the court shall order the district attorney to permit the defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody, or control of the state and:
 "(1) Which are material to the preparation of his defense; provided, however, the defendant shall not be permitted to discover or inspect reports, memoranda, witness lists, or other internal state documents made by the district attorney or his agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or statements made by state witnesses or prospective state witnesses;
 "(2) Which are intended for use by the state as evidence at the trial; or
 "(3) Which were obtained from or belongs to the defendant.
 "The court shall impose such conditions or qualifications as may be necessary to protect the chain of custody of evidence, or the attorney's, law enforcement officer's, or investigator's work product, to prevent loss or destruction of such documents or objects." (Emphasis added.)
Recently, in Moton v. State, 524 So.2d 381 (Ala.Cr.App. 1988), this court again followed Warren, supra. Factually,Moton is similar to this case. In Moton, the appellant presented the motion one month before trial and asked that the state pay for the test.
We note that in Blair v. State, 453 So.2d 1092 (Ala.Cr.App. 1984), this court held that the trial court did not err in denying appellant's motion for independent testing when the state had relied on defendant's plea of guilty and had destroyed the evidence. However, Judge Bowen stated that "in a criminal prosecution for the possession or sale of a controlled substance, the accused has a right to inspect a sample of the substance and to have it inspected by his own experts." Blair, at 1095.
In the instant case, the appellant pleaded not guilty, the motion was made two weeks before the trial, and no evidence was presented to indicate that the substance had been destroyed. Thus, based on the prior decisions of this court and of our Supreme Court, this case is reversed and remanded for a new trial. In the interest of judicial economy, however, we will address the remaining issues.
 II
Next, appellant urges that the composition of the jury venire was such as to deny him his Sixth and Fourteenth Amendment rights. Specifically, appellant argues that the number of blacks in the jury pool and on the jury venire was not in proportion *Page 1102 
to the number of blacks in the county. When the jury venire was brought to the courtroom, the state pointed out that the names for the jury pool were picked through random selection, using driver's license lists. As § 12-16-57, Code of Alabama 1975, provides:
 "The jury commission for each county shall compile and maintain an alphabetical master list of all persons in the county who may be called for jury duty, with their addresses and any other necessary identifying information. This list may include all registered voters, persons holding drivers' licenses and registering motor vehicles, and may include other lists. . . ."
This method of jury venire selection has been ratified by this court in Vaughn v. State, 485 So.2d 388 (Ala.Cr.App. 1986).
 Further, as Judge Tyson stated in White v. State, 48 Ala. App. 111, 262 So.2d 313 (Ala.Cr.App. 1972),
 "The law is clear that a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his own race on the jury which tries him, nor on the jury roll from which grand and petit jurors are selected. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839."
262 So.2d at 318. See also, Heard v. State, 335 So.2d 679
(Ala.Cr.App. 1976).
 III
Last, appellant insists that the trial court erred in denying his request for a continuance so that he could be examined by a psychiatrist. Prior to trial, appellate counsel filed a motion for psychiatric evaluation. A staff psychologist at Taylor Hardin Secure Medical Facility performed an outpatient evaluation on the appellant. On the day of trial, the appellant asked for a continuance so that a more in-depth analysis could be performed at the Taylor Hardin facility. The psychologist's evaluation is not contained in the record. However, the trial court stated the following when it denied the motion:
 "Well, I'm going to deny the motion. Many of the evaluations at Taylor Hardin are done on an outpatient basis. Most of the defendants are not tested for fourteen days. Some may be, but I know many of the evaluations in these type cases are done on an outpatient basis where the defendant goes up and comes down the same day on his own. I'm going to determine the outpatient evaluation by the representative from Taylor Hardin here is adequate in this case and will deny the Motion for Continuance."
"A conviction obtained while the defendant is incompetent to stand trial violates due process." Anderson v. State,510 So.2d 578, 579 (Ala.Cr.App. 1987). However, "a defendant does not have a right to a mental examination whenever he requests."Robinson v. State, 428 So.2d 167, 170 (Ala.Cr.App. 1982). When the trial court has reasonable grounds to believe that the accused is incompetent, then the court must make inquiries to determine the accused's state of mind. Ex parte Laflore,445 So.2d 932, 934 (Ala. 1983). As Judge McMillan stated in McCordv. State, 507 So.2d 1030 (Ala.Cr.App. 1987), "In determining whether the requisite doubt has been established to require a competency hearing, courts should consider the defendant's prior history, if any, of irrational behavior, the defendant's demeanor at trial, and any prior medical opinion concerning competence." 507 So.2d at 1032.
In this case, the trial court had the opportunity to observe the appellant's demeanor, but this court has no such opportunity. Further, the trial court had the benefit of the report prepared by a staff psychologist at Taylor Hardin. The decision of the circuit court will be reversed only if an abuse of discretion is shown. See, Anderson, supra. No such abuse appears in this case.
For the reasons stated above in part I, this case must be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur. *Page 1103