The appellant, Billy Foster, was indicted by the Baldwin County grand jury for murder, a violation of § 13A-6-2, Code of Alabama 1975. After a jury trial, he was found guilty of the lesser included offense of criminally negligent homicide. He was sentenced to one year in the Baldwin County jail and was fined $5,000. The appellant presents two issues on appeal to this court.
 I
The appellant first contends that the circuit court abused its discretion when it denied his motion for a mistrial based upon alleged prejudicial events which occurred in the presence of the jury. The appellant specifically argues that while passing through a metal detector located outside the courtroom, he was singled out for a search of his person. He contends that this search was witnessed by the jury venire, thereby prejudicing his chances of receiving a fair trial. There is no evidence contained in the record that suggests that the appellant was so singled out and searched. We will not predicate error on a silent record. See Cardwell v. State,544 So.2d 987 (Ala.Cr.App. 1989).
Further, he contends that an unresponsive answer given by a member of the venire in the presence of the entire venire further prejudiced his chance of receiving a fair trial.
The alleged unresponsive answer given by the potential juror was as follows:
 "A JUROR: S.B. is my sister's son's son, and that's my sister. But I also live across the street from [the appellant].
 "THE COURT: All right. The fact that you know [the appellant], would that prevent you from giving the state or the defense a fair trial?
 "A JUROR: I'm afraid so. I have heard too much rumors."
After this short exchange, a bench conference was held and the juror was excused by the trial court.
We cannot say that, as a matter of law, the juror's remark "I have heard too much rumors" was a ground for a mistrial. The court did not abuse its discretion in denying the motion for a mistrial.
 II
The appellant contends that the trial court erred to reversal when it fined him $5,000 after his conviction for criminally negligent homicide.
Section 13A-6-4, Code of Alabama 1975, defines this offense and lists it as a Class A misdemeanor. Section 13A-5-12, Code of Alabama 1975, provides in pertinent part:
 "(a) A sentence to pay a fine for a misdemeanor shall be for a definite amount, fixed by the court, within the following limitations:
 "(1) For a Class A misdemeanor, not more than $2,000.00;
 "(2) For a Class B misdemeanor, not more than $1,000.00;
 "(3) For a Class C misdemeanor, not more than $500.00"
We must, and do hereby, remand this case to the circuit court and instruct that court to conform to this statute, and to impose a fine within the limits set forth therein.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[EDITORS' NOTE: PAGES 1108-1119 CONTAINS DECISIONS WITHOUT OPINION.] *Page 1198