The appellant, Lloyd Clifton Gayle, was convicted of trafficking in cocaine and of failure to obtain a tax stamp for the controlled substance. He was sentenced to concurrent terms of 12 years and 1 year and 1 day, respectively.
The state's evidence tended to show the following: In October of 1990, the appellant was staying at the Olympia Spa Motel in Dothan, Alabama. Betty McClendon, an employee of Olympia Spa Motel, observed the appellant approach the shrubs near his motel room, pick up an object, and then leave in a nearby automobile accompanied by several other people. McClendon watched the appellant repeat this conduct for two days, and then she talked to another employee about what she had seen. McClendon and another employee looked behind the shrub and found a cylindrical-shaped object covered with electrical tape. McClendon took the package to the manager of the motel, Mr. Polur, and told him what she had seen. Mr. Polur called the police. Sergeant Parrish opened the object and discovered what was later determined to be cocaine. Sergeant Parrish took the cocaine out of the container, put his business card in the container, and replaced the container behind the shrubs. The Dothan Police Department then set up a surveillance of the appellant's room. Captain Antonio Gonzales watched the appellant's motel room and saw the appellant leave the room, go down the stairwell, retrieve a small round object from the shrubs, and leave in a car accompanied by two other men. Police followed the appellant's car and stopped the occupants several miles from the motel. The car was searched and the object that had been placed behind the shrubs at the Olympia Spa Motel was found. A search of the appellant's person revealed what was later determined to be a marijuana cigarette. The appellant's motel room was also searched pursuant to a search warrant. Three thousand dollars was recovered along with several bags that contained a substance determined to be cocaine. The total weight of the cocaine recovered was over 30 grams. Sergeant Parrish also stated that no tax stamps were affixed to the bags containing the controlled substances. The appellant presents the following issues on appeal.
 I
The appellant initially argues that the trial court erred in not granting his motion for independent analysis of the controlled substance.
The record reveals that a motion for independent analysis of the controlled substance was made over two months prior to the commencement of trial. This motion stated:
 "Defendant contends that the most fundamental considerations of due process entitle an accused in a narcotics prosecution to have an opportunity to have a private chemist analyze the alleged controlled substance and, since Defendant is indigent, to have that substance independently analyzed at State expense. . . ."
The trial court denied the motion on the same day. The denial of this motion resulted in prejudice to the appellant. The rules for discovery of materials are contained in Rule 18, A.R.Crim.P.Temp. (now Rule 16.1(c), A.R.Crim.P.). Rule 18.1(c), A.R.Crim.P.Temp., states:
 "Upon motion of the defendant the court shall order the district attorney to permit the defendant to analyze, inspect, and copy or photograph books, papers, documents photographs, tangible objects, controlled substances, buildings or places, or portions of any these things, which are within the possession, custody, or control of the state and:
 (1) Which are material to the preparation of his defense. . . ."
(Emphasis added.)
Rule 18 applies to the independent analysis of controlled substances made at the state's expense. Jackson v. State,560 So.2d 1100 (Ala.Cr.App. 1989); Moton v. State, 524 So.2d 381
(Ala.Cr.App. 1988); Ware v. State, 472 So.2d 447 (Ala.Cr.App. 1985); *Page 155 Warren v. State, 292 Ala. 71, 288 So.2d 826 (1973). Both precedent and fairness require permitting independent analysis of a controlled substance on behalf of an accused. Jackson, supra; Moton, supra; Ware, supra.
As this court stated in Jackson, supra:
 "Our Supreme Court has long held that `impartiality and fairness require that the defendant be aided by all available processes of the Court, when invoked, to enable him to test and question the authenticity of the state's evidence against him.' Warren v. State, 292 Ala. 71, 288 So.2d 826, 830 (1973). In Warren, the appellant made a motion for independent testing and the trial court denied it, saying that it was not timely made. Our Supreme Court held that the appellant was denied due process by the denial of the motion, `especially where his motion to produce was made well in advance of the trial so that it could have been ruled on by the court without causing any undue delay in the trial.' 288 So.2d at 830."
Jackson, 560 So.2d at 1101.
As stated previously, the appellant's motion was made over two months before the start of the trial. Furthermore, there is no evidence in the record that the controlled substance had been destroyed as was the case in Blair v. State,453 So.2d 1092 (Ala.Cr.App. 1984). Based on the prior decisions of this court and the Supreme Court, the judgment must be reversed and the cause remanded to the Circuit Court for Houston County for further proceedings. In the interest of judicial efficiency, we will deal with other issues that may arise in subsequent proceedings.
 II
The appellant contends that every ounce of the cocaine should have been tested. He maintains that because it was not, he could not be convicted of trafficking in cocaine. The fact that not every ounce of the cocaine was tested would not affect the result at trial. Such a quantitative analysis is relevant in proving the offense of trafficking in marijuana because not all of the marijuana plant is a narcotic substance. Only the portion of the plant that is narcotic must be measured when determining the total weight of the substance. Day v. State,539 So.2d 410 (Ala.Cr.App. 1988). See also Browning v. State,549 So.2d 548 (Ala.Cr.App. 1989). However, this principle does not apply to the weighing of cocaine. As this court stated inMcCray v. State, 519 So.2d 1376 (Ala.Cr.App. 1988):
 " 'There is no similar provision with regard to the offense of trafficking in cocaine. In fact, the trafficking statute itself specifically rejects this argument by providing that "(a)ny person . . . who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.' " Alabama Code 1975, § 20-2-80(2) (emphasis added). Under this statute, the State is not required to prove that the accused possessed 28 grams or more of pure cocaine.' "
McCray, 519 So.2d at 1377.[1]
 III
The appellant further contends that evidence of the cocaine itself should have been suppressed because a sufficient chain of custody was not established. He argues in his brief that there was no evidence of any chain of custody or possession prior to the arrest and none established after the substance was in police custody. However, the appellant does not identify any reason to question the chain of custody.
In the instant case, Mr. Polur testified that when he received the cylindrical-shaped object from McClendon, he placed the object on his dresser until the police arrived. Mr. Polur testified that the police arrived approximately 30 minutes later and that he handed the object to Officer Parrish. *Page 156 
Mr. Polur also stated that the object looked the same when he handed it to the police as it had when he had first received it. Sergeant Parrish, upon receiving the object, opened it, and found an off-white rock-like substance inside. Parrish put this substance in his evidence bag and then placed it in his evidence locker. Captain Ray Weig of the Dothan Police Department testified that he received the substance from the evidence locker and took it to the forensic laboratory to be tested.
As this court stated in Holder v. State, 584 So.2d 872
(Ala.Cr.App. 1991):
 " 'The establishment of a chain of custody is needed to show a reasonable probability that the evidence has not been tampered with or altered.' Bridges v. State, 516 So.2d 895, 903 (Ala.Cr.App. 1987). (Emphasis added.)
 " ' "[I]t is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from the object at the commencement of the chain." ' "
584 So.2d at 876, quoting Bridges v. State, 516 So.2d 895,903-04 (Ala.Cr.App. 1987). (Citations omitted.)
In Moorman v. State, 574 So.2d 953 (Ala.Cr.App. 1990), andSnowden v. State, 574 So.2d 960 (Ala.Cr.App. 1990), Judge Bowen stated that in order to determine whether a sufficient chain of custody exists, we must look at the "totality of the circumstances." In the instant case there was no break in the chain of custody nor was there a weak link. Furthermore, the appellant makes no allegations in his brief that the evidence had been tampered with. A sufficient chain of custody was established. See Blankenship v. State, 589 So.2d 1321
(Ala.Cr.App. 1991). The trial court committed no error in allowing the cocaine to be received into evidence.
 IV
The appellant next contends that the trial court erred in allowing the admittance of hearsay during the testimony of Sergeant Parrish. Parrish was allowed to testify to what Captain Gonzales told him over the police radio. Parrish testified that Gonzales had told him that the appellant had left his room and had gone to the shrubs, had recovered an object and had left in a car with two other men. This testimony was cumulative of the evidence testified to by Captain Gonzales.
 "Testimony which may be apparently illegal upon admission may be rendered prejudicially innocuous by subsequent or prior lawful testimony to the same effect or from which the same facts can be inferred. Bell v. State, 466 So.2d 167, 174
(Ala.Cr.App. 1985)."
Thompson v. State, 527 So.2d 777, 780 (Ala.Cr.App. 1988).
Thus, the receipt of the testimony into evidence was not reversible error.
For the reasons stated in part I of this opinion, the judgment must be reversed and the cause remanded to the Circuit Court for Houston County.
REVERSED AND REMANDED.
All the Judges concur.
[1] McCray was decided when the statute making trafficking in cocaine an offense was found in § 20-2-80, Code of Alabama 1975. That statute can now be found in § 13A-12-231, Code of Alabama 1975.