The appellant, Vernon Cleve McElroy, was convicted of trafficking in cannabis, a violation of § 13A-12-231(1), Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, § 13A-5-9(c)(1), Code of Alabama 1975, he was sentenced to life imprisonment without the possibility of parole.
The appellant presents four issues on appeal.
 I
Initially, the appellant contends that the circuit court deprived him of due process of law when it denied his motion for an independent analysis of the marijuana at the state's expense.
"Both precedent and fairness require permitting independent analysis of a controlled substance on behalf of an accused," even at the state's expense. Gayle v. State, 591 So.2d 153
(Ala.Cr.App. 1991). See also Moton v. State, 524 So.2d 381
(Ala.Cr.App. 1988); Ware v. State, 472 So.2d 447
(Ala.Cr.App. 1985). However, an indigent defendant is not automatically entitled to funds and "must demonstrate that there is a need for such testing in order to obtain funds therefor." McLeod v. State, 581 So.2d 1144, 1150
(Ala.Cr.App. 1990).
In his motion, the appellant merely requested "an independent test of the alleged drugs in this cause at states [sic] expense." In arguing his motion to the court, the appellant stated only that the independent analysis was necessary to ascertain the percentage of tetrahydrocannabinol (THC) was contained in the marijuana. He argued that if the THC content rose to a certain level, then the marijuana would be considered legal in some states. Under Alabama law, however, the THC content of marijuana is irrelevant. Sharpe v. State,384 So.2d 633 (Ala.Cr.App. 1980); Smith v. State, 335 So.2d 393
(Ala.Cr.App.), cert. denied, 335 So.2d 397 (Ala.), *Page 433 
and cert. denied, 335 So.2d 398 (Ala. 1976). See also §§20-2-2(15), -23(3), Code of Alabama 1975. The nature of the substance was admitted by the accused. He presented no issue cognizable under Alabama law, and he gave no lawful reason for needing an independent test.
Further, the appellant does not accuse the Alabama Department of Forensic Sciences of fraud or mistake in its testing, nor does he contend that the toxicologist who performed the tests was biased or incompetent. The appellant also performed a thorough cross-examination of the toxicologist. His defense, aside from the irrelevant THC allegation, was that the state failed to prove actual or constructive possession.
Because the appellant questioned only the amount of THC included in the marijuana, did not raise the issue of whether the substance was actually marijuana, and did not allege that the state's testing was insufficient in any manner, he has failed to demonstrate the need for testing as required byMcLeod and did not allege grounds justifying an independent test of the substance. We hold that the circuit court did not err when it denied the appellant's motion for funds for an independent analysis of the marijuana. See McLeod, supra.
 II
The appellant also contends that the state failed to establish a prima facie case of trafficking. He argues that the state failed to prove that he was in possession of in excess of 2.2 pounds of marijuana, because the state never established whether the seeds in the confiscated marijuana were sterilized. He contends that this failure violated Ex parte Presley,587 So.2d 1022 (Ala. 1991).
The appellant, however, failed to specify these grounds to the circuit court. At trial, after the state rested, the appellant moved for a "directed verdict" (i.e., judgment of acquittal), arguing that the state did not prove a prima facie case because it "failed to prove constructive possession or possession of marijuana." Then, after resting his case, the appellant renewed his motion, stating that "[w]e still feel that the State hasn't proved a prima facie case in this particular situation." Thus, he has not preserved this argument for review. He stated specific grounds for his motion but not this ground. Specific grounds for objection waive all others not specified. Rika v. State, 587 So.2d 1054 (Ala.Cr.App. 1991).
In fact, Ronald Hubbard, the toxicologist with the Alabama Department of Forensic Sciences who analyzed the marijuana, stated that the 10.9 pounds of marijuana that he analyzed were composed of "mostly leafy material" and contained only "a few seeds" and that the "bulk" of it was "leaf stuff." Such testimony is sufficient to establish that the appellant possessed in excess of 2.2 pounds of marijuana. See, e.g.,Day v. State, 539 So.2d 410 (Ala.Cr.App. 1988). Cf., Presley, supra (testimony that 4.59 pounds of marijuana contained a "reasonable amount" of seeds was insufficient proof of possession of over 2.2 pounds); Ex parte Bohannon,564 So.2d 854 (Ala. 1988) (testimony that 3.5 pounds of marijuana contained a "significant amount" of seeds was not sufficient proof that appellant possessed in excess of 2.2 pounds); Ray v.State, 549 So.2d 518 (Ala.Cr.App. 1989) (distinguishing Day, supra, from Bohannon, supra).
The circuit court did not err when it denied the appellant's motion for a directed verdict.
 III
Next, the appellant contends that the circuit court erred when it denied his motion to dismiss the indictment. He argues that the indictment miscited the Code section that he allegedly violated, thus failing to apprise him of the charges against him.
The indictment in this case tracked the language of the trafficking in cannabis statute, § 13A-12-231, Code of Alabama 1975, but mistakenly cited § 13A-12-216. "Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing *Page 434 
of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage."Ex parte Bush, 431 So.2d 563, 564 (Ala. 1983), cert. denied,464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983); Royer v. State,542 So.2d 1301, 1303 (Ala.Cr.App. 1988). See also Harris v.State, 580 So.2d 33 (Ala.Cr.App. 1990).
The language of the crime for which the appellant was charged was sufficiently set out in the indictment. No prejudice to the appellant resulted. See Holder v. State, 584 So.2d 872
(Ala.Cr.App. 1991); Rule 13.2, A.R.Crim.P.
We have considered other matters presented but find no grounds for reversal.
The judgment in this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.