On April 4, 1991, the appellant, Lloyd Clifton Gayle, was convicted of trafficking in cocaine and of failure to obtain tax stamps for the cocaine. He was sentenced to 12 years' imprisonment and was fined $50,000 on the trafficking conviction and was sentenced to imprisonment for 1 year and 1 day on the conviction for failing to obtain tax stamps, both sentences to run concurrently. This court reversed his convictions in Gayle v. State, 591 So.2d 153 (Ala.Cr.App. 1991). The appellant was retried on April 14, 1992 and was again convicted of trafficking in cocaine and of failure to obtain tax stamps. He was again sentenced to 12 years' imprisonment and was fined $50,000 in the trafficking conviction and was sentenced to imprisonment for 1 year and 1 day on the conviction for failure to obtain tax stamps, both sentences to fun concurrently. It is from these convictions that the appellant now appeals.
The evidence presented at trial tended to show that in October 1990 the appellant and two other men were staying in room number 224 of the Olympia Spa Motel in Houston County, Alabama. Betty McClendon, an employee at the motel, noticed that several times a day over a period of four or five days the appellant and one of the other men would look in the shrubbery near the room where she worked. On October 23, Ms. McClendon and Vicky Bradley, the head housekeeper, looked in the shrubbery the appellant had been looking in. In the shrubbery, they found a black round package with a red sticker on it. They took the package to David Polur, the owner of the Olympia Spa Motel. Mr. Polur then called the police.
Officers Steve Parrish and Duane Herring of the Dothan Police Department went to the motel and took the black package back to the police department. At the police department, Officer Parrish opened the package and found numerous bags of an off-white, rocklike substance. He then conducted a field test on the substance and determined that it was crack cocaine. The officers then replaced the cocaine with business cards and rewrapped the package. They returned to the motel and put the rewrapped package back in the shrubbery where Ms. McClendon had found it.
Officers Parish and Herring, along with Officer Antonio Gonzalez, staked out the area around the motel and waited for someone to pick up the package. Two men who were staying in room 224 went downstairs and got into a blue Mazda MX-6 automobile. Shortly thereafter, the appellant left room 224, went to the shrubbery, picked up the package, and got into the vehicle with the other two men. The appellant passed the package to the man in the driver's seat, who then passed it to the man in the back seat. When the men in the Mazda left the motel, Officers Parrish and Herring followed them in one automobile and Officer Gonzalez followed them in another. The officers stopped the vehicle and arrested the occupants. They recovered the package from the back floorboard of the Mazda.
The officers then secured a warrant and searched room 224 of the Olympia Spa Motel. They found $3,000 in cash and bags of an off-white, rocklike substance that they assumed was cocaine. *Page 380 
David Thorne, supervisor of drug chemistry for the Enterprise laboratory of the Alabama Department of Forensic Sciences, tested and weighed the substances recovered from the black package in the shrubbery and from the motel room. He determined that the substances were 90-95% pure cocaine. The cocaine recovered from the black package weighed 28.904 grams and the cocaine recovered from the motel room weighed 1.546 grams.
None of the cocaine had tax stamps affixed to it.
 I
The appellant argues on appeal that there was not sufficient evidence to support his conviction for trafficking in cocaine. Section 13A-12-231(2), Code of Alabama 1975, provides, in pertinent part:
 "Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine . . . is guilty of a felony, which felony shall be known as 'trafficking in cocaine.' "
When reviewing a claim that the evidence was not sufficient to support a conviction, this court must view the evidence in the light most favorable to the state and must accept as true the evidence presented by the state. Carson v. State,610 So.2d 1251 (Ala.Cr.App. 1992). When the jury's verdict is supported by the evidence, this court's function is not to reweigh the evidence or substitute its judgment for that of the jury. Allenv. State, 611 So.2d 1152 (Ala.Cr.App. 1992).
Viewing the evidence set out above in the light most favorable to the State, we conclude that there was sufficient evidence to support the jury's finding that the appellant was guilty of trafficking in cocaine, in violation of § 13A-12-231, Code of Alabama 1975.
 II
The appellant also argues that the circuit court erred in failing to instruct the jury on the lesser included offense of possession of cocaine. When the court asked if there were any exceptions after he instructed the jury, the following occurred:
 "MR. HUDGINS [Defense attorney]: Yes, sir, Judge. There was not a charge for a lesser included charge of possession, which we, at the bench, requested the Court to give. And I quote you Sears v. State, 479 So.2d 1308 (Ala.Cr.App. 1985). The gist of that is that the offenses of possession and trafficking are intended to be separate offenses. However, if the offenses of possession and trafficking stem from possession of the same controlled substance, the two offenses are not separate offenses but rather the offense of possession is a lesser offense included in the offense of trafficking. So I think there is a grounds for giving a charge to the lesser included offense of possession.
 "THE COURT: Okay. I will instruct both the State and the defendant that requested charges be submitted in writing with copies to opposing counsel prior to the Court giving any charges."
It does not appear from the record that the appellant ever submitted a written charge to the court, as the court instructed, on the lesser included offense of possession of cocaine. The court's instruction that requested charges be submitted in writing shows that the court reserved making a final ruling on the appellant's objection until a written charge was submitted. Because no written charge was submitted, no ruling was made. Thus there is no adverse ruling on the appellant's objection. In order to preserve an issue for appellate review, there must be an adverse ruling on the record. Nept v. State, 589 So.2d 801 (Ala.Cr.App. 1991).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 381