The appellant, Mark Wilmer Wilson, was convicted of escape in the second degree, a violation of § 13A-10-32, Ala. Code, 1975. Wilson uas sentenced to 10 years imprisonment.
 FACTS
On May 19, 1995, Wilson was serving a sentence at the Loxley Work Camp. At an 11:43 p.m. bed check, he was reported missing. Wilson was subsequently arrested in Wichita, Kansas, for a robbery committed in Arkansas and he was returned to Alabama.
 I.
Wilson argues that the trial court lost jurisdiction over him because the court failed to comply with the Uniform Mandatory Disposition of Detainers Act, ("UMDDA"). See §§ 15-9-80
through 15-9-88, Ala. Code, 1975.
The record indicates that Wilson was transported from an Alabama, not an Arkansas, prison to stand trial. (C. 19, 29, 30, 37.) The record also seems to indicate that Wison was initially returned to Alabama from Arkansas to complete his prior sentence, not to face new charges. Because the record contains no evidence that a detainer was filed, we cannot ascertain whether the provisions of the UMDDA apply. It is the appellant's burden to provide a reviewing court with a complete record on appeal. *Page 870 Wilkerson v. State, 686 So.2d 1266 (Ala.Crim.App. 1996). We will not predicate error on a silent record. Foster v. State,587 So.2d 1106 (Ala.Crim.App. 1991). Therefore, we cannot review this issue.
 II.
Wilson also argues that he was denied his right to a speedy trial by the noncompliance with the provision of the UMDDA that he be brought to trial within 80 days of his request for a final disposition.
As discussed in Part I of this opinion, because there is no evidence in the record that a detainer was filed we cannot be certain whether the pro visions of the UMDDA apply. Therefore, we will not review this issue.
Furthermore, this issue was not preserved for our review. "An adverse ruling should appear on the record before a reviewing court may consider the issue." Gayle v. State, 616 So.2d 378
(Ala.Crim.App. 1993). The trial court granted Wilson's motion for a speedy trial; therefore, Wilson has no adverse ruling from which to appeal.
In addition, in Glover v. State, 599 So.2d 79 (Ala.Crim.App. 1992), this court held that a defendant's failure to object in a timely manner to a trial court's order granting two separate continuances that set the trial beyond the 180-day UMDDA period waived the issue on appeal regarding noncompliance with the UMDDA. In the present case, the record does not contain any objections to the two continuous that Wilson claims violated his right to a speedy trial. Therefore, even if the UMDDA applied, Wilson's failure to make a timely objection bars this issue from our review.
 II
Although we affirm Wilson's conviction for escape in the second degree, the State correctly contends that this case must be ramanded for resentencing. Wilson was convicted of a Class C felony. It is undisputed that he has four prior felony convictions. The mandatory minimum sentence available upon conviction for a Class C felony with three prior convictions is 15 years. See § 13A-6-9(c)(1), Ala. Code 1975. Therefore, Wilson's 10-year sentence is improper and this case be remanded for resentencing in compliance with the Habitual Felony Offender Act. The trial court shall take necessary action to see that the cicuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
For the above-stated reasons, Wilson's conviction for escape in the second degree is hereby affirmed, and this case is remanded for resentencing in accordance with the instructions herein.
AFFIRMED AS TO CONVICTION; REMANDED FOR RESENTENCING.*
LONG, P.J., and McMILLIAN and BROWN, JJ., concur.
BASCHAB, J. recuses.
* Note from the reporter of decisions: On October 23, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 18, 1998, that court denied rehearing, without opinion.