Rel: March 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

_____

### CR-2025-0566

_____

### Richard Daron Kennedy

### v.

### State of Alabama

### Appeal from Mobile Circuit Court
### (CC-97-958)

ANDERSON, Judge.

Richard Daron Kennedy appeals the judgment of the Mobile Circuit Court dismissing his 11th petition for postconviction relief. For the reasons that follow, the judgment of the circuit court is affirmed.

This case began when Kennedy filed what he styled as a petition for a writ of habeas corpus in the Elmore Circuit Court. Although styled as such, the circuit court determined that Kennedy's filing was actually a Rule 32, Ala. R. Crim. P., petition for postconviction relief attacking his January 1998 convictions for murder and child abuse and his resulting sentence of life plus 10 years' imprisonment. (C. 70); see also S.R.A. v. State, 292 So. 3d 1108 (Ala. Crim. App. 2019) (explaining that courts must treat a petition according to its substance and not its style). After granting Kennedy leave to proceed in forma pauperis, the Elmore Circuit Court transferred Kennedy's petition to the Mobile Circuit Court, "the court in which the petitioner was convicted." (C. 70); see also Rule 32.5, Ala. R. Crim. P.

After Kennedy's petition was transferred to the Mobile Circuit Court, he filed two letters objecting to that court's treatment of his pleading as a postconviction petition, arguing that it "unlawfully suspend[ed his] habeas petition." (C. 105, 110.) On June 17, 2025, the circuit court entered an order treating Kennedy's letters as a motion to reconsider an order it had entered on October 22, 2024, identified as Document 22. The circuit court denied Kennedy's motion to reconsider,

and it dismissed the petition based on Kennedy's failure to comply with that earlier order. Specifically, the circuit court explained:

"This Court has previously found Kennedy to be a frivolous filer of post-conviction petitions and imposed reasonable filing restrictions upon him. See (DOC 22). The Court considers Kennedy's attempt to file a petition for writ of habeas corpus in Elmore County, Alabama as merely an attempt to circumvent those reasonable filing restrictions. This conclusion is supported by the fact that the claims raised by Kennedy in his habeas petition have been previously raised in this Court in prior Rule 32 petitions.

"Kennedy's motion to reconsider is DENIED.

"Because Kennedy has failed to comply with this Court's October 22, 2024, Order his petition is DISMISSED."

(R. 115-16 (capitalization in original).) In response to this order, Kennedy filed a timely notice of appeal, and this appeal followed.

When reviewing a circuit court's summary dismissal of a postconviction petition "'[t]he standard of review this Court uses ... is whether the [circuit] court abused its discretion.'" Lee v. State, 44 So. 3d 1145, 1149 (Ala. Crim. App. 2009) (quoting Hunt v. State, 940 So. 2d 1041, 1049 (Ala. Crim. App. 2005)). If, however, the circuit court bases its determination on a "'cold trial record,'" we apply a de novo standard of review. Ex parte Hinton, 172 So. 3d 348, 352 (Ala. 2012). Moreover, under most circumstances, "when reviewing a circuit court's rulings

3

made in a postconviction petition, we may affirm a ruling if it is correct for any reason." Bush v. State, 92 So. 3d 121, 134 (Ala. Crim. App. 2009).

In this case, however, we affirm the circuit court's judgment because Kennedy failed to provide this Court with a record on appeal sufficient to establish any error in the circuit court's dismissal of his Rule 32 petition. Document 22, a court order presumably placing "reasonable filing restrictions" on Kennedy, is not contained in the record on appeal. Because the circuit court's decision to dismiss Kennedy's petition was predicated on his failure to comply with that order (C. 116), there is nothing contained in the record on appeal that would establish that the circuit court's decision was erroneous.

"It is the appellant's burden to provide a reviewing court with a complete record on appeal." Wilson v. State, 727 So. 2d 869, 869-70 (Ala. Crim. App. 1998); see also Carden v. State, 621 So. 2d 342, 346 (Ala. Crim. App. 1992) (citing Montgomery v. State, 504 So. 2d 370 (Ala. Crim. App. 1987)). While this Court is sensitive to the fact that Kennedy appears before us as a pro se litigant, that sensitivity is somewhat lessened by the fact that this Court provided Kennedy with instructions

4

to assist in the pursuit of his appeal -- instructions provided to all parties appealing to this Court -- which included the following:

> "SUPPLEMENTING/CORRECTING THE RECORD ON APPEAL (Rule 10(g), Ala. R. App. P.)
>
> "If the clerk's portion of the record on appeal is incomplete or if any portion of the proceedings specifically designated on the reporter's transcript order is omitted or incorrectly reflects what occurred in the trial court, the appellant has 14 days after the date shown on the clerk's certificate of completion of the record on appeal to file a motion in accordance with Rule 10(g), Ala. R. App. P., to supplement and/or correct the record on appeal. …"

(C. 135-36); see also Wilson v. State, 1 So. 3d 157, 159 (Ala. Crim. App. 2008) (quoting Boros v. Baxley, 621 So. 2d 240, 243-44 (Ala. 1993)) ("[G]enerally, parties acting pro se should be treated as parties represented by counsel are treated. … In particular, pro se litigants 'must comply with legal procedure and court rules.'").

Our sensitivity is further numbed by the fact that Kennedy is not a typically inexperienced pro se litigant. Instead, he has acquired a great deal of appellate experience during his imprisonment, having represented himself before this Court in at least 7 appeals or petitions

for extraordinary writs over the past 15 years.[1] Our records reveal that Kennedy has acquired additional appellate experience representing himself before the Alabama Supreme Court while seeking review of our prior decisions. In total, Kennedy has more than a decade of experience litigating his claims in this state's trial and appellate courts. Although "reading law" is no longer an accepted method of legal education for admission to the bar, Kennedy's history as a pro se litigant evokes memories of that once-common practice. See Robert M. Jarvis, An Anecdotal History of the Bar Exam, 9 Geo. J. Legal Ethics 359, 367 (1996) ("Before the advent of law schools, reading law was the means by which most persons became lawyers in the United States.").

---

[1]This Court may take judicial notice of its own records, and we do so in this case. See Nettles v. State, 731 So. 2d 626, 629 (Ala. Crim. App. 1998) (explaining that this Court may take judicial notice of its own records). Kennedy has represented himself before this Court in case numbers CR-2025-0185 (petition for writ of mandamus), CR-2024-0920 (petition for writ of mandamus), CR-2016-0849 (appeal from the dismissal of a petition for postconviction relief), CR-2014-1022 (appeal from the dismissal of a petition for postconviction relief), CR-2014-0330 (appeal from the denial of a petition for postconviction relief), CR-2013-0850 (attempted appeal from the denial of a motion to reconsider), CR-2011-1066 (appeal from the dismissal of a petition for postconviction relief), and CR-10-1771 (attempt to appeal from a nonappealable order).

Consequently, this Court disposes of this appeal based on Kennedy's failure to satisfy his burden to provide a record on appeal that supports his assertions of error. "'"'Where the record is silent on appeal, it will be presumed that what ought to have been done was not only done, but rightly done.'"'" Williams v. State, 55 So. 3d 366, 370 (Ala. Crim. App. 2010) (quoting Johnson v. State, 823 So. 2d 1, 18-19 (Ala. Crim. App. 2010), quoting in turn Owens v. State, 597 So. 2d 734, 736 (Ala. Crim. App. 1992), quoting in turn, Jolly v. State, 405 So. 2d 76, 77 (Ala. Crim. App. 1981)). Following the Alabama Supreme Court's instruction, "[w]e presume that trial court judges know and follow the law." Ex parte Atchley, 936 So. 2d 513, 516 (Ala. 2006) (citing Ex parte Slaton, 680 So. 2d 909, 924 (Ala. 1996)) ("Trial judges are presumed … to know the law and to follow it in making their decisions."). Applying these principles, we presume that the circuit court imposed proper and reasonable restrictions on Kennedy's pursuit of postconviction relief by regulating his filing of successive postconviction petitions and that the underlying petition was dismissed for violating the circuit court's instructions.

This is not a case in which a liberal construction of Kennedy's appellate brief -- the standard ordinarily applied to pro se pleadings --

7

would alter the outcome. The requirement that courts liberally construe such pleadings "does not absolve a petitioner of the requirement that the contents" of his or her pleading substantially comply with the requirements of the law. Ex parte Deramus, 882 So. 2d 875, 877 (Ala. 2002) (applied in the context of a petition for writ of habeas corpus). Further, as discussed below, Kennedy's brief does not meaningfully engage with the circuit court's reason for dismissal.

Affirmance on this basis is further warranted considering that the missing order appears to have been the product of the circuit court's adoption of a suggestion made by this Court in an earlier, unpublished memorandum affirming the dismissal of one of Kennedy's previous Rule 32 petitions in 2012. As we explained in that case:

> "The ceaseless filing of
>
>> "'multiple petitions for postconviction relief in which … claims are either precluded or without merit wastes scarce judicial resources. Therefore, I would encourage the circuit court to consider adopting sanctions like those proposed in Peoples v. State, 531 So. 2d 323 (Ala. Crim. App. 1988), and Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986), to prevent future frivolous litigation on the part of [Kennedy] and other similarly situated inmates. See Ex parte Thompson, 38 So. 3d 119 (Ala. Crim. App. 2009).'

"Bennett v. State, 77 So. 3d 174, 174 (Ala. Crim. App. 2011) (Kellum, J., concurring specially)."

Kennedy v. State (CR-11-1066, Aug. 10, 2012), 152 So. 3d 462 (Ala. Crim. App. 2012) (table). In dealing with pro se petitioners, courts generally strive to balance the rights of the petitioners to have access to the courts with the interests of the courts in preventing "abuse by petitioners." See, e.g., Allen v. State, 825 So. 2d 264, 269 (Ala. Crim. App. 2001), aff'd, Ex parte Allen, 825 So. 2d 271 (Ala. 2002).

In this case, the circuit court appears to have done exactly that. In its dismissal order, the circuit court explicitly referenced Kennedy's efforts to pursue postconviction relief in the Elmore Circuit Court, under the guise of seeking habeas corpus relief, as appearing to have been an attempt to circumvent reasonable filing restrictions that it had imposed by Document 22. In other words, the circuit court did what this Court had encouraged it to do more than 10 years ago. On appeal, Kennedy does not address the reasonableness of whatever restrictions the circuit court imposed through the document identified as Document 22 or argue that he actually met the requirements set out to pursue additional postconviction relief. Instead, Kennedy baldly asserts that the circuit

9

court "failed to support particular reasons in its order" dismissing the petition. (Kennedy's brief at 34.)

Because Kennedy did not seek to have the record on appeal supplemented to include Document 22, a document necessary to properly analyze the circuit court's judgment, he failed to satisfy his burden of providing this Court with a record on appeal sufficient to establish the error necessary as a prerequisite to obtaining appellate relief. To be clear, when a trial court adopts sanctions to prevent future frivolous litigation by an abusive litigant, this Court will presume that any such restrictions are lawful unless the litigant shows that, as applied in a particular case, such restrictions constituted an abuse of discretion or actually interfered with the litigant's right of access to courts. See, e.g., Christopher v. Harbury, 536 U.S. 403 (2002); Lewis v. Casey, 518 U.S. 343 (1996). Further, the same issue-preservation requirements applicable to nonjurisdictional issues presented on appeal must be satisfied to present such claims. See Ex parte Coulliette, 857 So. 2d 793, 794-95 (Ala. 2003).

By failing to present such an argument, either here or below, and by failing to ensure provision to this Court of an adequate record sufficient to establish that the circuit court's dismissal of his petition for

noncompliance with the circuit court's "reasonable filing restrictions" was erroneous, Kennedy has failed to show that he is entitled to any relief.

For these reasons, the judgment of the circuit court is affirmed.

AFFIRMED.

Cole, J., concurs. Kellum and Minor, JJ., concur in the result. Windom, P.J., recuses herself.